UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

04 MAR -1 PH 2:52

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| DIRECTV, INC., | ) |
| Plaintiff, | ) |
| vs. | ) CV 03-B-2051-S |
| TOM ABBOTT, | ) |
| Defendant. | ) |

ENTERED
MAR - 1 2004

### MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 4.) Plaintiff DIRECTV has sued defendant Tom Abbott, alleging defendant illegally intercepted its satellite programming and illegally possessed, manufactured, or asssembled certain satellite pirating devices, in violation of state and federal law. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 4), is due to be granted.

### I. MOTION TO DISMISS STANDARD

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*,



980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## II. STATEMENT OF FACTS

Plaintiff DIRECTV is a direct broadcast satellite system, which provides television programming to homes and businesses that subscribe to its service and which possess certain hardware. (Doc. 1 ¶ 1.) In order to receive some or all of the programming offered by plaintiff, its subscribers must have a satellite dish, an integrated receiver/decoder ["IRD"], and an access card. (*Id.* ¶ 2.) The access card is also used by plaintiff to limit access to its programming depending on the subscription package purchased by the subscriber. (*Id.* ¶ 4.)

Plaintiff contends defendant purchased two pirate access devices in 1997. (*Id.* ¶ 19(a) and (b).) According to plaintiff's Complaint, defendant "manufactured, assembled, distributed, sold, and/or possessed" the devices, and he "used the Pirate Access Device(s) to intentionally intercept, endeavor to intercept, or procure others to intercept DIRECTV's electronic communications without authorization." (*Id.* ¶ 20.)

## III. DISCUSSION

Defendant contends that Count 4 of plaintiff's Complaint is due to be dismissed because plaintiff has no private cause of action for a violation of 18 U.S.C.§ 2512. Section

2520(a) provides for the "recovery of civil damages" by "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" from "the person or entity . . . which engaged in that violation." 18 U.S.C. § 2520(a). The court finds that § 2520 does not provide a remedy for violations of § 2512.

As set forth above, § 2520 provides a civil remedy to any person whose communications have been intercepted, disclosed, or used. 18 U.S.C. § 2520(a). Section 2512 prohibits the manufacture, assembly, possession or sale of signal theft devices. 18 U.S.C. § 2512(1)(b). To prove a violation of this section, plaintiff does not have to prove that defendant intercepted its communication. Plaintiff contends, in Count 4, that defendant "possessed, manufactured, and/or assembled an electronic, mechanical, or other device knowing, or having a reason to know, that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or electrical communications . . . ." (Doc. 1 ¶ 42.) The issue, therefore, is whether § 2520, which provides a private right of action based on illegal "interception or use" of a wire, oral, or electronic communication, also provides a private right of action based on allegations that a defendant possessed, manufactured, and/or assembled a pirate access device.

Although there is some disagreement among courts, *see DIRECTV, Inc. v. Childers*, 274 F Supp. 2d 1287, 1289 (M.D. Ala. 2003) and cases cited therein,[1] this court agrees with

---

[1] The court notes that this court is apparently divided on the issue of whether DIRECTV claims under § 2512, based on allegations of mere possession of pirating devices, are due to be dismissed on the ground that § 2520 does not provide a private cause of action for § 2512 violations. *Compare DIRECTV, Inc. v. Agee*, CV 03-J-0770-NE, doc. 32 at 4-5

3

the line of authority that has found that § 2520 does not create a private right of action for violations of § 2512. *Id.* "[M]ere proof of possession of 'pirating' equipment may establish a violation of the criminal statute [§ 2512], but [it] cannot support a civil action for damages." *DIRECTV, Inc. v. Childers*, 274 F Supp. 2d 1287, 1289 (M.D. Ala. 2003). Such interpretation of § 2520 is commonsensical.

The individual in whose favor § 2520 was intended – the individual whose communications are intercepted – is not injured by another person's manufacture of or possession of a pirate device. Although Congress may have chosen to punish criminally the manufacture and possession of pirate devices without a showing of injury, it did not chose to allow a private individual to sue civilly those persons manufacturing or possessing a pirate device unless such individual was harmed, such as when the pirate device has been used to intercept the individual's communications.

Because Count 4 is based on plaintiff's allegations that defendant possessed, manufactured, and/or assembled pirate access devices, the court finds that Count 4 of plaintiff's Complaint fails to state a claim, under 18 U.S.C. § 2512(b)(1), for which relief

---

(N.D. Ala. Nov. 23, 2003)(J. Johnson)(dismissing § 2512 claim on ground § 2520 did not provide a private cause of action for mere possession of a pirating device) and *DIRECTV v. Herring*, CV 03-P-1902-S, doc. 13 (N.D. Ala. (Dec. 2, 2003)(J. Proctor)(same) *with DIRECTV, Inc. v. Milton*, CV 03-C-0769-NE, doc, 17 (N.D. Ala. Sept. 15, 2003)(C.J. Clemon)(stamp ruling denying Motion to Dismiss); *DIRECTV, Inc. v. Alexander*, CV 03-CO-2264-NE, doc. 12 (N.D. Ala. Nov. 14, 2003)(J. Coogler)(order denying Motion to Dismiss without discussion of the § 2520 issue) and *DIRECTV, Inc. v. Curtis*, CV 03-H-2952-J, doc. 9 (Jan. 16, 2004)(S.J. Hancock)(stamp ruling denying Motion to Dismiss).

may be granted. Therefore, defendant's Motion to Dismiss will be granted as to Count 4, and such claim will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that the Count 4 of plaintiff's Complaint fails to state a claim upon which relief may be granted. Therefore, defendant's Motion to Dismiss, (doc. 4), will be granted as to the Count 4 of plaintiff's Complaint, and such claim will be dismissed. An order granting defendant's Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE** this ⎯1st⎯ day of March, 2004.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge